**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3058-24

KAMILLA FARKAS TILLE,

    Plaintiff-Appellant,

v.

CEDRIC P. TILLE,

    Defendant-Respondent.

_____

Submitted April 15, 2026 – Decided July 24, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Middlesex County, Docket No. FM-12-2408-17.

Kamilla Farkas Tille, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

The parties were married in 2002 in New Jersey. In 2007, the couple relocated to defendant's native country of Switzerland, after which their

marriage began to deteriorate. The parties separated and a final divorce judgment was entered in Switzerland in 2015.

Thereafter, plaintiff returned to New Jersey and has filed several applications to vacate the Swiss divorce judgment. The motions were denied. Plaintiff appeals from the most recent order, entered by Judge Andrea Sullivan on May 23, 2025. In her written decision, Judge Sullivan concluded that, because the Swiss court had "undisputed" subject matter jurisdiction and the foreign judgment "did not offend New Jersey's public policy," the trial court was precluded from modifying the Swiss order under the applicable law.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "We accord deference to Family Part judges due to their 'special jurisdiction and expertise in family [law] matters.'" Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019) (alteration in original) (quoting Cesare, 154 N.J. at 413). However, our review of a judge's interpretation of the law is de novo. Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014).

N.J.S.A. 2A:4-30.139(b) states "[a] tribunal of this State may not modify a spousal support order issued by a tribunal of another state or a foreign country having continuing, exclusive jurisdiction over that order under the law of that

A-3058-24

state or foreign country."  See also Fantony v. Fantony, 21 N.J. 525, 533 (1956) ("The recognition of a judgment of a foreign court under the principle of comity is subject generally to two conditions:  (1) that the foreign court had jurisdiction of the subject matter; [and] (2) that the foreign judgment will not offend the public policy of our own State.").

Here, the Swiss court had subject matter jurisdiction over the case, and its order did not violate this state's public policy.  Other than her unsupported assertions, plaintiff presents no legal basis for her claims.  Plaintiff's contentions do not warrant any further discussion in addition to the cogent analysis set forth in Judge Sullivan's written opinion of May 23, 2025.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Hanley

Clerk of the Appellate Division

A-3058-24